119 N.J. Super. 585 (1972)
293 A.2d 199
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS ROUNDTREE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1972.
Decided June 28, 1972.
*586 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Hugh J. Mahoney, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Thomas J. Kapsak, Assistant Prosecutor, argued the cause for respondent (Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney).
PER CURIAM.
Defendant, with leave first granted, appeals from an order of the trial court denying his motion to suspend proceedings against him (upon an indictment for unlawful possession of heroin) pursuant to N.J.S.A. 24:21-27(a)(1).
In an affidavit affixed to the aforesaid motion, defendant's attorney stated that defendant had no prior record and he indicated that he was willing to receive "drug" treatment.
Prior to making his motion, defendant had pleaded not guilty to the indictment. The trial court in denying the motion stated that there was a fixed policy that "we will not suspend the proceedings unless the defendant is prepared *587 to plead guilty." Consequently, the court refused to consider the motion without such a guilty plea. Defendant refused to so plead.
Such a policy as enunciated by the trial judge is contrary to the present specific provisions of N.J.S.A. 24:21-27(a). This act grants the court the authority to suspend proceedings of a person who has not been previously convicted of any drug-related offense, who is "charged with or convicted" of any such offense. [Emphasis added].
The provision contained in the original act (L. 1970, c. 226, § 27) which limited the authority to suspend proceedings solely to the situations when defendant "pleads guilty or is found guilty" was eliminated and replaced by the above-quoted language presently contained in the act (L. 1971, c. 3, § 11).
That the Legislature fully intended that a plea of guilty should not be a prerequisite to suspension of proceedings is further demonstrated in § b. of the present act. This section provides that "[U]pon violation of a term or condition of supervisory treatment the court may * * * where there has been no plea of guilt or finding of guilt, resume proceedings."
Under these circumstances, the order of the trial court is reversed and the matter is remanded for a hearing upon defendant's motion. At this hearing the trial judge shall exercise the discretion vested in him pursuant to N.J.S.A. 24:21-27, without first requiring defendant to plead guilty.
Reversed and remanded in accordance herewith.